## YOUNGSTOWN (city) v BROWN

Ohio Appeals, 7th Dist, Mahoning Co

Decided Dec 21, 1934

U. F. Kistler, Law Director, Youngstown, for plaintiff in error.

W. R. Stewart, Youngstown, for defendant in error.

SHERICK and MONTGOMERY, JJ, (5th Dist) sitting by designation.

### OPINION

By MONTGOMERY, J.

The defendant in error sustained serious injuries as the result of stepping into a hole in the parking space between the sidewalk and the curb along a certain street in the City of Youngstown, while attempting to cross from one side of the street to the other. Upon submission to a jury, a verdict was returned for her in the sum of $2,500.00, and, judgment having been entered on the verdict, error is now prosecuted to this court.

Plaintiff in error in argument insists upon two assignments of error only, to-wit, that the judgment of the lower court is contrary to law, and that the amount of the judgment is excessive. There are a number of other assignments of error set forth in the petition in error, all of which have been considered, but in none of them do we find any merit.

The record shows clearly that this hole into which defendant in error stepped was dangerous; that it had existed in this space for at least a number of weeks; that city authorities had knowledge of it, or by the exercise of due care should have known of it, and that Mrs. Brown had no knowledge whatever of its existence. Whether or not she exercised due care in crossing the street at this point or was guilty of any contributory negligence, was an issue of fact which was properly submitted to the jury, and upon which the trial court properly and correctly charged the jury, as he did upon all the issues. From the evidence the jury was justified in finding as it did for the defendant in error.

Whether the judgment, under the facts in this case, was contrary to law, seems to us to have been fully and finally determined by the Supreme Court of Ohio in the case of **Barnesville v Ward, 85 Oh St 1**, and attention is directed to the second syllabus.

In the course of the opinion, on page 9, the Supreme Court in the Barnesville case stated:

"That the plaintiff attempted to cross this park strip at a point other than where the passageways were provided was not negligence per se. Whether he was negligent in so doing, under all the circumstances of the case, was a proper question for the jury."

Again, on page 10, of the report in the Barnesville case, the court said:

"That a pedestrian has not sufficient civic pride to refrain from going on or passing over this strip does not justify the placing of a nuisance there that might

probably cause his death or do him great bodily harm if he should attempt to do so, and the pedestrian could not be held to have assumed the risk of injury from such a device if it be shown that he had no knowledge of its existence, and could not in the exercise of due care for his own safety see the same or be required to anticipate its presence."

The allegations of the petition as to the nature and extent of Mrs. Brown's injuries were sustained by the proof. These injuries were very substantial and very severe, and according to the record there has not been complete recovery. We can not find that the verdict of the jury in the amount of $2,500.00 was excessive.

It follows that the judgment of the Common Pleas Court will be, and the same is, affirmed. Exceptions may be noted.

Judgment affirmed.

SHERICK, J, concurs.